IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **RSL Funding, LLC, RSL Special-IV, Ltd., and Marla B. Matz,** § § § § **Plaintiffs,** § § **v.** § § **Donna M. O'Brien and Daniel P. Morris,** § § § **Defendants** § § | **Case No._____** |

## ORIGINAL COMPLAINT AND EXPEDITED APPLICATION TO CONFIRM ARBITRATION AWARD

TO THE HONORABLE COURT:

On an expedited basis as provided by statute, Plaintiffs RSL Funding, LLC, RSL Special-IV, Ltd., and Marla B. Matz respectfully ask the Court to confirm an arbitration award under the Federal Arbitration Act ("FAA") as to Donna M. O'Brien n/k/a Donna Glynn and Daniel P. Morris. *See* 9 U.S.C. §§ 6, 9, 13.

### I. PARTIES

1.   Plaintiff RSL Funding, LLC ("RSL") operates as a limited liability company formed under the laws of the State of Texas and maintains its principal place of business in Houston, Texas. For diversity purposes, RSL is a citizen of the State of Texas as all the members of RSL are citizens of that state.

2.   Plaintiff RSL Special-IV, Ltd. ("Special-IV") operates as a Texas limited partnership that maintains its principal place of business in Houston, Texas. The partners of Special-IV are all citizens of the State of Texas or, in the case of Special-IV's corporate general partner, of Texas and Wyoming.

1

3. Plaintiff Marla B. Matz ("Matz") is an individual who is a citizen of the State of Texas.

4. Defendant Donna M. O'Brien n/k/a Donna Glynn ("O'Brien") is an individual who is a citizen of the State of New York. She may be served with process at her residence located at 21 Spicewood Lane, Rochester, NY 14624-3717.

5. Upon information and belief, Defendant Daniel P. Morris ("Morris") is an individual who is a citizen of the state of North Carolina currently on an extended trip outside of the U.S. Morris' last known address in the United States is 500 Westover Avenue, Sanford, North Carolina 27330.

## II. Jurisdiction and Venue

6. The Plaintiffs acknowledge that the FAA vests the Court with no original jurisdiction for confirming the arbitration award. *See Hall St. Assocs., LLC v. Mattel,* 552 U.S. 576, 581-82 (2008). Rather, jurisdiction over the subject matter lies under 28 U.S.C. § 1332(a) because complete diversity of citizenship exists and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. The amount demanded by the Plaintiffs in the arbitration clears the jurisdictional hurdle set by the diversity statute. *See Pershing LLC v. Kiebach*, 819 F.3d 179, 182-83 (5th Cir. 2016).

7. Venue lies in this district pursuant to Section 9 of the FAA because the parties' arbitration agreements fail to specify a court in which to file an application for confirming the arbitration award. *See* 9 U.S.C. § 9. The arbitration award issued in this judicial district, thereby fixing venue here by statute. *See id.*

## III. Facts

8. RSL and the other Plaintiffs filed a demand for arbitration with Conflict Resolution Solutions, PLLC ("CRS"), a neutral arbitral organization operated by

former state court judge, Dion Ramos. On receiving the demand, CRS appointed Chris A. Stacy as arbitrator (the "Arbitrator"). The Arbitrator made the requisite disclosures to all parties and subsequently conducted a final evidentiary hearing in the arbitration proceeding on December 8, 2016. *See* Ex 1 (Claimants' Arbitration Demand, including arbitration agreements); Ex 2 (email from Dion Ramos confirming Mr. Stacy's appointment as Arbitrator). Interpreting all of the arbitration agreements, the Arbitrator determined that the parties clearly and unmistakably agreed to delegate the gateway issue of arbitrability to himself and that Morris and O'Brien contractually agreed to arbitrate all of their disputes with RSL.

9. On December 30, 2016, the Arbitrator signed and issued his Amended Final Arbitration Award (the "Award") resolving all of the disputes that existed between the parties. *See* Ex 3 (Award). The Award grants various forms of relief to the Plaintiffs, including actual damages and attorney's fees. The Arbitrator specifically finds in the Award that Morris and O'Brien submitted to the Arbitrator's jurisdiction and participated in the arbitration. The Award also points out that the Arbitrator considered all of the defenses raised by O'Brien and Morris.

10. RSL, Morris, and O'Brien all agreed in the arbitration provisions that "[t]he arbitration decision shall be final and binding in all respects and shall be non-appealable." The arbitration agreements in the applications signed by Morris and O'Brien prescribe that "[a]ny person may have a court of competent jurisdiction confirm the arbitration award as a judgment of such court and enter into its records the findings of such arbitrators for all purposes, including for the enforcement of the award." Ex 4. The Plaintiffs are timely seeking to confirm the Award within the one-year limitations period imposed by the FAA. *See* 9 U.S.C. § 9. This filing further includes the documents required by Section 13 of the FAA. *See id.* § 13.

### IV. Confirmation of Arbitration Award Under the FAA

11. Plaintiffs move the Court to render a final judgment confirming the Award under the FAA as to O'Brien and Morris. *See* 9 U.S.C. § 9; Ex. 1. The Award also determines their rights as to Cheveze D. Pippins ("Pippins"), holding him jointly and severally liable with Morris and O'Brien for damages and attorney's fees. Pippins, a Texas citizen, is not an indispensable party to this action that only seeks to enforce and confirm the Award as to O'Brien and Morris. *See Bank of Am. Nat'l Trust & Sav. Assoc. v. Hotel Rittenhouse Assocs.*, 844 F.2d 1050, 1051, 1053-55 (3d Cir. 1988). The Plaintiffs are filing a separate action in Texas state court to confirm the Award as to Pippins. *See id.* at 1053-55.

12. Section 9 of the FAA mandates the Court to confirm the Award issued by the Arbitrator. *See Hall St. Assocs.,* 552 U.S. at 583. Indeed, confirming the Award serves as the "mechanism for enforcing" it against O'Brien and Morris. *Id.* at 582; *see* 9 U.S.C. § 13. The Court "must grant such an order unless the [A]ward is vacated, modified, or corrected as prescribed in sections 10 and 11" of the FAA. 9 U.S.C. § 9; *Hall St. Assocs.,* 552 U.S. at 582-83; *Citigroup Glob. Mkts., Inc. v. Bacon*, 562 F.3d 349, 352 (5th Cir. 2009). "The judgment so entered shall have the same force and effect, in all respects, as, and be subject to all the provisions of law relating to, a judgment in an action; and it may be enforced as if it had been rendered in an action in the court in which it is entered." 9 U.S.C. § 13.

13. The FAA bars any "general review" of the Award that tends to second guess the Arbitrator's factual findings or legal conclusions. *Hall St. Assocs.,* 552 U.S. at 585-86. The "merits" of the dispute, including "credibility" determinations made by the Arbitrator, remain off limits. *Major League Baseball Players Ass'n v. Garvey*, 532

U.S. 504, 509-11 (2001). As long as the Arbitrator was "arguably construing" the contracts at issue, no court may correct any mistakes he may have made in the Award – "even a serious error" or a "grave error." *Oxford Health Plans LLC v. Sutter*, 133 S. Ct. 2064, 2068, 2070 (2013). The Award makes clear the Arbitrator construed not only the arbitration agreements in determining his own jurisdiction, but also all of the contracts that lay at the heart of the arbitrable dispute in resolving the merits. "The arbitrator's construction holds, however, good, bad, or ugly." *Id.* at 2070.

14. The Supreme Court stresses the statutory duty to confirm an arbitration award unless extraordinary circumstances apply. *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 942-43 (1995). "On application for an order confirming the arbitration award, the court 'must grant' the order 'unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.' There is nothing malleable about 'must grant,' which unequivocally tells courts to grant confirmation in all cases, except when one of the 'prescribed' exceptions applies." *Hall St. Assocs.*, 552 U.S. at 587. Nor can this Court "substitute its judgment" for the substantive or procedural decisions made by the Arbitrator. *See Garvey*, 532 U.S. at 509-10.

15. Here, the Court should confirm the Award because the Arbitrator's decision "draws its essence" from the contracts underlying the dispute and from the parties' arbitration agreements. *See United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 36 (1987); *Executone Info. Sys., Inc. v. Davis*, 26 F.3d 1314, 1320, 1324-25, 1327-29 (5th Cir. 1994). In the FAA's parlance, the Award is rationally inferable from the facts that came before the Arbitrator. *See Valentine Sugars, Inc. v. Donau Corp.,* 981 F.2d 210, 214 (5th Cir. 1993). The Award binds the Court because

the Arbitrator's decision is "rationally inferable from the letter or purpose of the underlying agreement." *Executone Info. Sys., Inc.*, 26 F.3d at 1320.

16. The Court accordingly resolves all doubts regarding the validity and sustainability of the Award in favor of the arbitration process. *See Six Flags Over Tex. v. Int'l Bhd. Of Elec. Workers, Local 116*, 143 F.3d 213, 215 (5th Cir. 1996). "[B]ecause the parties 'bargained for the arbitrator's construction of their agreement,' an arbitral decision 'even arguably construing or applying the contract' must stand, regardless of a court's view of its (de)mertis." *Oxford Health Plans LLC*, 133 S. Ct. at 2068 (quoting *E. Associated Coal Corp. v. UMWA*, 531 U.S. 57, 62 (2000)).

17. The Plaintiffs' application to confirm the Award gives rise to a summary proceeding that requires no evidentiary hearing, discovery, or inquiry into the factual or legal accuracy of the Arbitrator's findings and conclusions. *See Legion Ins. Co. v. Ins. Gen. Agency, Inc.*, 822 F.2d 541, 542-43 (5th Cir. 1987). The FAA demands "expediting judicial enforcement of arbitral awards" to avoid costly and time-consuming proceedings that contravene federal policy. *Id.* Thus, this Court's review of the Award is exceedingly narrow and deferential. *Executone Info. Sys., Inc.*, 26 F.3d at 1320. The Court should promptly confirm the Award.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs request the Court to render a final judgment confirming the Amended Final Arbitration Award issued by Arbitrator Stacy on December 30, 2016, to declare that all forms of execution may issue to enforce such final judgment and the Amended Final Arbitration Award, to tax costs against the Defendants, and to grant all other available relief authorized by the Federal

Arbitration Act, by any other law, whether constitutional, statutory, or common law, or by equity.

Respectfully submitted,

*/s/ Stewart A. Feldman*

Stewart A. Feldman
State Bar No. 06887600
Joseph F. Greenberg
State Bar No. 24059856
The Feldman Law Firm LLP
Two Post Oak Central
1980 Post Oak Blvd., Suite 1900
Houston, Texas  77056-3899
(713) 850-0700 ■    (713) 850-8530 (Fax)

ATTORNEYS FOR PLAINTIFFS

**Exhibits**

1. Amended Arbitration Demand filed on September 30, 2016 with exhibits.

2. September 1, 2016 email from Dion Ramos of Conflict Resolution Solutions, PLLC reflecting the appointment of Chris A. Stacey as arbitrator.

3. December 30, 2016 Amended Final Arbitration Award.

4. RSL Customer applications (containing agreements to arbitrate) for Donna M. O'Brien and Daniel Morris.